## W. O. TURNER V. THE STATE.

No. 11811.   Delivered May 23, 1928.

**1.—Assault to Murder—Evidence Held Sufficient.**

Where, on a trial for an assault to murder, it was proven without the slightest claim of justification that appellant committed an assault upon prosecuting witness with a bar of iron, inflicting upon him serious injury, severing one of his ears, and a physician testified that the assaulted party did not regain complete consciousness for ten days after the injury and would never recover fully from its effects, this evidence was amply sufficient to support the conviction.

**2.—Same—Objection Trivial—Presents No Error.**

Where appellant complains that he was not permitted to prove that he was in jail for ninety-eight days before he made bond, this court would not be warranted in reversing a case upon a matter so trivial, which seems too plain to require discussion.

Appeal from the District Court of Armstrong County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense assault to murder, penalty two years in the penitentiary.

Edwards, the prosecuting witness, had charge of a bank in the town of Claude. Appellant was a customer of such bank. According to appellant the assaulted party had promised that his bank would loan him money and afterwards refused to do so, which infuriated him and he assaulted Edwards. He himself testified in part:

"I met Mr. Edwards. He said, Howdy, Turner, and I said, Howdy * * * I said. Wait a minute, you have got me to fight. * * * I had had difficulties with him and wanted to whip him and I hit at his mouth with the jaws of my pocketknife, and he ducked, and I hit him somewhere on the ear or right side of the face and he staggered. * * * He fell on his right side like, and tried to raise up like, and throwed his right arm over his face, and then I jumped down and hit at him a time or two, and I seen he was hurt, and I got up and walked off."

The attending physician testified:

"On examination I found his right ear almost severed from the head with some blunt instrument of some kind, and a part of the cartilage was all gone, and about two inches, or a little better, from where this ear was severed there was a depression in the skull and a laceration shown to have been made with some blunt instrument. He was bleeding from this right ear and from his nose * * * and he was still unconscious in that condition. There was some wounds on his face * * * looked like they had been made by the jaws of a knife shut up, but this wound up here did not appear to be made with the same instrument. * * * He began to notice things in nine or ten days, but it must have been two weeks, at least, after the injury before he became conscious and knew what you were talking to him about. * * * I say there is a laceration of the brain tissue and from that laceration there probably would be adhesions

on that brain. He does not have his equilibrium. * * * That would be the result of the laceration of the brain tissue. * * * I could not say that he would ever recover. I doubt it from my observation of him."

The sheriff testified that he picked up a blunt instrument near where the body of the prosecuting witness lay after the difficulty which was shown to weigh two pounds and nine and a half ounces. It consisted partly of a bar of iron two inches wide and five-eighths of an inch thick.

It is suggested in the motion for new trial that the evidence is insufficient to support a verdict of guilty. The evidence is abundantly sufficient in our opinion. We cannot think that a jury under its oath could have rendered any other verdict. The record seems bare of even an extenuating circumstance in favor of appellant.

Only one bill of exception appears in the record. This relates to the refusal of the court to permit appellant to prove that he was in jail for ninety-eight days before he made bond. That this court would not be justified in reversing this case and ordering a new trial upon a matter so trivial and so obviously without merit, seems too plain to require any discussion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.